**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　　　v.<br><br>LASHAUN CASEY,<br><br>　　　Defendant. | CR. NO. 05-277 (PG) |

**ORDER**

　　　The government is seeking the death penalty as to defendant Lashaun Casey. (Docket No. 14.) The death penalty is "unique in its severity and irrevocability." Gregg v. Georgia, 428 U.S. 153, 187 (1976) (internal citations omitted).  Its finality therefore requires a greater degree of reliability when it is imposed. See Lockett v. Ohio 438 U.S. 586, 604 (1978); Furman v. Georgia, 408 U.S. 238, 290-98 (1972)(Brennan, J., concurring). Indeed, death penalty cases require extraordinary procedural and substantive safeguards at every phase of the process.

　　　Death penalty prosecutions are unusual and complex cases requiring appointment of learned counsel, extensive investigation and intensive court involvement to properly case manage the proceedings without undue delays consistent with fairness and due process. For these reasons it is unreasonable to expect adequate preparation for factual proceedings or for trial itself in this capital penalty case within the limits established by the Speedy Trial Act, 18 U.S.C. §3161.

　　　Here, DNA evidence has been collected from the scenes and has been sent to the FBI lab for testing. Once the DNA results are ready, then the latent prints will be examined. This process will take approximately one month. Presently, the government is working on the Memorandum regarding the death penalty certification which will be filed once the DNA results are ready. (See Docket No. 58.)

Crim. No. 05-277(PG)                                                    Page 2

Furthermore, before the Court are several motions filed by the government regarding discovery requests which also involve scientific testing. (See Docket Nos. 17, 35, and 42.)  This evidence will put the government in a better position to submit the case before the U.S. Department of Justice. Defense counsel has filed extensive briefs in response to the government's requests. (See Docket Nos. 36 & 46.) In light of the gravity of capital cases, the court must evaluate the parties' motions with extreme care. United States v. Valle-LaSalle, 36 F. Supp. 2d 445, 446 (D.P.R. 1999).

Accordingly, the Court finds that the ends of justice outweigh the interest of the public and the defendant in a speedy trial. See 18 U.S.C. §3161(h)(8)(A) & (h)(8)(B)(ii). Therefore, the time that shall have elapsed from August 30, 2005 until the Department of Justice notifies its decision whether to seek the death penalty or not shall be excluded for Speedy Trial purposes, without prejudice of other excludable time under the Speedy Trial Act.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, June 5, 2006.

                                        S/JUAN M. PEREZ-GIMENEZ
                                        U. S. DISTRICT JUDGE