THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

[1] LASHAUN J. CASEY

    Defendant.

Crim. No. 05-277 (ADC)

## OPINION AND ORDER

### I. Procedural History

In a superseding indictment released by the Grand Jury on February 14, 2007, Lashaun Casey ("defendant") was charged with the knowing, wilful, intentional and unlawful taking of a motor vehicle by force and violence from a police officer with the intent to cause death or serious bodily harm, resulting in the death of the police officer in violation of 18 U.S.C. §2119(3) **ECF No. 104**. Defendant was also charged with the willful possession, brandishment, discharge, use and carrying of firearms in relation to a crime of violence in violation of 18 U.S.C. §924(j). *Id.* Finally, defendant was charged as a felon in knowing possession of a firearm ("the felon-in-possession charge") in violation of 18 U.S.C. §922(g)(1).

Pending before the Court is defendant's motion for severance of Count Three, the felon-in-possession charge, and defendant's motion *in limine* to exclude materials relating to the prior felony convictions as impermissible bad acts evidence under Federal Rules of Evidence 403 and 404(b) ("Rule 403" and "Rule 404(b)" respectively). **ECF No. 485**. The United States opposed both the request for severance and the motion *in limine*. **ECF No. 498**.

### II. Severance of the Felon-in-Possession Count

Under Federal Rule of Criminal Procedure 8(a) ("Rule 8(a)"), joinder of separate offenses is proper where the offenses "are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed.R.Crim. P. 8(a); *see also United States v. Boulanger*, 444 F.3d 76, 87 (1st Cir. 2006); *United States v. Taylor*, 54 F.3d 967, 973

(1st Cir. 1995). In pertinent part, Federal Rule of Criminal Procedure 14 ("Rule 14") provides that, "[i]f joinder of offenses . . . for trial appears to prejudice a defendant . . . , the court may order separate trials of counts." Fed.R.Crim. P. 14; *see also United States v. Richardson*, 515 F.3d 74, 81 (1st Cir. 2008). However, "[g]arden variety prejudice . . . will not . . . warrant severance." *Richardson*, 515 F.3d at 81 (citing *United States v. Burgos*, 254 F.3d 8, 13 (1st Cir. 2001)). Rather, severance is appropriate where the allegedly prejudicial joinder likely would deprive the defendant of a fair trial. *Id.*

In the instant case, joinder of the felon-in-possession count was patently appropriate under Rule 8(a) because this count arose from the same conduct as the other charges filed. *See e.g. United States v. Turner*, 501 F.3d 59, 72 (1st Cir. 2007) (finding that felon-in-possession counts were properly joined with other counts where all counts arose from the same conduct). Accordingly, finding that joinder of this count was proper, the Court must determine whether severance due to prejudice is warranted under Rule 14.

Here, defendant cites no particularized prejudice which he will suffer if the felon-in-possession count is not severed. Rather, defendant relies upon his evidentiary argument under Rules 403 and 404(b) that introduction of any evidence relating to his prior felony convictions will result in the jury inferring guilt in the instant case. However, the First Circuit Court of Appeals has already established that entry of evidence that defendant committed a previous felony in support of a felon-in-possession charge is not *per se* sufficient to warrant severance. *See United States v. Rose*, 104 F.3d 1408, 1416 (1st Cir. 1997); *United States v. Boulanger*, 444 F.3d 76, 87-88 (1st Cir. 2006); *Richardson*, 515 F.3d at 81. The Court may, and shall, undertake precautions, such as instructing the jury to consider each count as a separate charged offense without allowing the verdict on one count to affect the other, to ensure that any potential prejudice to defendant from the joinder is minimized. *See Boulanger*, 444 F.3d at 88. Thus, in the absence of a showing that defendant would be more prejudiced than any other defendant facing trial for a felon-in-possession count in addition to other counts,

defendant's request to sever Count Three is **DENIED** and the Court's inquiry shall revolve around the scope of evidence to be admitted in support of the felon-in-possession count.

### III.     Motion In Limine Under Rules 403 and 404(b)

A bastion of the Federal Rules of Evidence, Rule 401 provides that "[e]vidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. Flemmi*, 402 F.3d 79, 86 (1st Cir. 2005) (quoting Fed.R.Evid. 401). Its corollary, Rule 402, provides that, generally, "[a]ll relevant evidence is admisible" and "[e]vidence which is not relevant is not admissible." Fed.R.Evid. 402.

Further, even if evidence is deemed relevant under Rules 401 and 402, where a defendant contests the admissibility of "bad act" evidence, a two-pronged test for admissibility applies under Rule 404(b).[1] *See United States v. Sebaggala*, 256 F.3d 59, 67 (1st Cir. 2001). First, the Court must evaluate "whether the evidence is specially probative of an issue in the case and is not merely offered to show the defendant's bad character or propensity for crime." *United States v. Smith*, 292 F.3d 90, 98-99 (1st Cir. 2002) (internal quotation omitted). If the proffered evidence meets the strictures of this first prong, the Court must still evaluate its admissibility under Rule 403.[2] *Id.* at 99. Thus, even if the evidence meets Rule 404(b)'s

---

[1] Rule 404(b) provides that:
> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed.R.Evid. 404(b).

[2] Under Rule 403,
> [a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of

Criminal No. 05-277 (ADC)                                                                                         Page 4

explicit requirements, it may still be inadmissible if its likely prejudicial impact substantially outweighs its likely probative worth." *Sebaggala*, 256 F.3d at 67.

In order to prove a violation of 18 U.S.C. §921(g)(1), the United States "must show that (1) the defendant was previously convicted of an offense requiring imprisonment exceeding one year and (2) he knowingly possessed a firearm in or affecting interstate commerce." *United States v. Lewis*, 40 F.3d 1325, 1342 (1st Cir. 1994). Thus, evidence that defendant was previously convicted of a crime which carried a penalty of an imprisonment greater than one year in length is extremely relevant to the first element of the crime and does not fall within the ambit of Rule 404(b)'s proscription against "bad acts" evidence. While the First Circuit has thus affirmed the admission of evidence proving that defendant falls within the category of "felons" contemplated by the statute, it has emphasized that proof of this element does not extend to allow admission of evidence as to the nature of the prior conviction. *Lewis*, 40 F.3d at 1342-43; *United States v. Melvin*, 27 F.3d 703, 707 (1st Cir. 1994); *United States v. Tavares*, 21 F.3d 1, 4-5 (1st Cir. 1994). Absent special circumstances not present in the instant case, evidence beyond the fact that a defendant was convicted of an unspecified felony is thus excludable under Rule 403. *Melvin*, 27 F.3d at 707. Accordingly, inasmuch as defendant's motion seeks to exclude[3] evidence relating to the nature of the predicate crimes, it is **GRANTED**. However, the United States must still be allowed to prove that defendant is a felon within the meaning of the felon-in-possession statute. The United States shall be allowed to present evidence supporting its assertion that defendant is a felon and defendant's motion in limine as to this evidence is **DENIED**; however, this evidence must be redacted to remove

---

the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
Fed.R.Evid. 403.

[3] The Court's analysis in the instant Opinion and Order pertains solely to the guilt phase and does not extend to the penalty phase, where the United States seeks to admit evidence relating to defendant's previous convictions for purposes which are distinct from those contemplated here.

any reference to the nature of the underlying predicate crimes.[4]

### IV.   Conclusion

For the reasons set forth above, defendant's motion (**ECF No. 485**) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, on this 20th day of December, 2012.

                                                          **S/AIDA M. DELGADO-COLÓN**
                                                          **Chief United States District Judge**

---

[4] This status may be proved in several ways without including prejudicial information, including by stipulation. *E.g. Tavares*, 21 F.3d at 4 (noting that such methods include "a redacted record, testimony by a clerk, stipulation, a defendant's affidavit, or even, in the absence of controversy, judicial notice of the prior conviction").